# CASES

# SUPREME JUDICIAL COURT

---

SHERMAN LELAND, Judge of Probate, &c. *versus*
FISHER A. KINGSBURY *et al.*

In an action on an administration bond, to a plea of general performance the plaintiff replied, that on a final settlement of the administration account there appearing to be a balance in the hands of the administrator, which belonged to the Commonwealth, the judge of probate decreed that the administrator should pay it into the treasury of the Commonwealth. *Held,* that it was unnecessary to go behind this decree and aver that the administrator's account had been examined and allowed by the judge of probate.

In the case of a decree of distribution, directing an administrator to pay money into the treasury of the Commonwealth, it is his duty to make the payment without any demand upon him.

THIS was an action of debt on the bond of Kingsbury as administrator on the estate of John B. Lewis, deceased. The suit was brought for the benefit of the Commonwealth.

The condition of the bond is, in part, that "all the rest, residue and remainder of the said goods and chattels, rights and credits, which shall be found remaining upon the said administration account, (the same being first examined and allowed by the judge for the time being, of probate of wills," &c.) the administrator "shall deliver and pay unto such person or persons respectively as the said judge, by his decree or sentence, pursuant to law, shall limit and appoint."

After oyer, the defendants plead a general performance of the condition.

The plaintiff replies, that at a court of probate, holden in

December 1834, it appearing to the judge that there was a balance in the hands of Kingsbury in his capacity of administrator, amounting to $ 961·97, on the final settlement of his account of administration, and it appearing further to the judge, that that sum belonged by law to the Commonwealth of Massachusetts, it was thereupon decreed that Kingsbury " pay the said sum into the treasury of the said Commonwealth," as by the record &c. appears ; and yet Kingsbury, though often requested so to do, and especially on the 5th of January, 1835, by the Attorney-General of the Commonwealth, who in the name and behalf of the Commonwealth demanded the money of Kingsbury by letter addressed to him, has not paid the same to the Commonwealth, but has therein wholly failed, &c. contrary to the form and effect of the condition of the bond.

To this there was a general demurrer.

*Metcalf*, for the defendants, objected to the replication, that it did not set forth a breach of the bond. It is not alleged that the administration account had been examined and allowed by the judge of probate. The order to pay the balance into the treasury of the Commonwealth, is not an order to pay it to any " person or persons," and is therefore not within the bond. If the judge of probate had authority to order the money to be paid into the treasury, still the administrator's neglect was not a breach of the bond. In the case of an administrator it is incumbent on the creditor to seek the debtor. The Commonwealth should have made a demand on the administrator at his place of residence, through an agent, precisely as an heir must have made one. No such demand as the law requires, has been made in the case at bar. *African Company* v. *Mason*, Gilb. Cas. 238 ; *Bigelow* v. *Bridge*, 8 Mass. R. 276 ; *St.* 1786, *c.* 55, § 2 ; *Dawes* v. *Swett*, 14 Mass. R. 105 ; *Nelson* v. *Woodbury*, 1 Greenleaf, 254.

*Austin*, Attorney-General, for the plaintiff.

MORTON J. delivered the opinion of the Court. The only question in this case is, whether the replication is sufficient.

The first objection is, that it contains no sufficient allegation that the defendant's accounts ever were " examined and allowed " by the judge of probate. It will be recollected that the

decree here recited as the basis of the replication, is not a decree allowing the administration accounts, but a decree of distribution or for the payment of the final balance to the heir or legal distributee. And the argument, if sound, requires that the replication should set forth not only the decree of distribution, but the prior decree allowing the accounts. But why stop here ? Why not go back to the beginning ? For if the preliminary proceedings were invalid, there could be no legal examination or allowance of the accounts. But we think it was unnecessary to go behind the order to pay the balance into the treasury. This contains all the recital of the previous proceedings necessary to render it valid. The judge of probate, having a general jurisdiction of the subject, must be presumed in all the preliminary proceedings to have discharged his duty.

Another objection is, that the replication does not allege that any demand was made upon the administrator. There is no doubt that when the distributees, whether creditors or heirs, are private individuals, they must make demands before they can maintain actions in the name of the judge of probate. *Dawes, Judge*, v. *Swett*, 14 Mass. R. 105 ; *Nelson, Judge*, v. *Woodbury*, 1 Greenleaf, 254. And if the same rule applies to the Commonwealth, the objection is a fatal one.

The condition is, that the property which shall remain in the administrator's hands, on his final settlement, he " shall deliver and pay unto such person or persons respectively, as the said judge, by his decree or sentence, pursuant to law, shall limit and appoint." Although the Commonwealth is not named in the statute, yet there can be no doubt that upon an equitable and fair construction, it, being a legal person for many purposes, is included in the condition of the bond. Otherwise no legal security could be taken for the faithful administration of estates which escheat to the Commonwealth for the want of heirs. Payment into the treasury is payment to the Commonwealth.

Many of the regulations in relation to suits on probate bonds, ( *St.* 1786, *c.* 55, § 2,) cannot be applied to the Commonwealth. And among those which seem to us to be inapplicable, is that which requires a demand. The language does not expressly include the Commonwealth, and the reasons

Leland<br>v.<br>Kingsbury.

which render it so proper and necessary for individuals, have no applicability to the State.

The decree, in this case, is in conformity to the precedent established by the Supreme Court of Probate, in the case of Norberg's estate. *Dorr* v. *Commonwealth*, 1 Mass. R. 293. And if the decree was authorized by law and is to be construed literally, there can be no doubt that it was the administrator's duty to pay the balance into the treasury. And if the bond extends to every failure to perform the terms of the decree, it is clearly forfeited.

Where the payment is to be made to individuals, the administrator may not know where to find them. They may be numerous, and it is not his duty to travel over the country and perchance into foreign states, to find them. If they wish to receive their distributive shares they must seek him ; and if he holds himself in readiness to make the payments, in conformity with the decree, and makes them accordingly when demanded, he will discharge his whole duty. But widely different is the present case. The decree orders the payment to be made into the treasury. The administrator knows where to go to discharge his duty. He has a right to charge, and doubtless did include in his final account, a reasonable compensation for doing it. He is not bound to make the payment anywhere except in the treasury. The treasurer is under no obligation, nor has he any authority, to demand or receive it elsewhere. And should the legislature appoint a special agent to make the demand, the administrator could not, according to the terms of the decree, make payment to him. His duty, and, if the decree be valid, the only duty which could be required of him, is to pay the balance into the treasury.

*Replication adjudged sufficient.*